# Hagan. Guardian v. Easter, Exr.

*Bill in Equity to enjoin Sale under a Mortgage.*

1. *Evidence; vendee of mortgagor incompetent after latter's death to prove payment by mortgagee.*—On a bill filed by the guardian of minor children of a deceased mortgagor, against the legal representative of such mortgagor and assignee of the mortgagee, to enjoin the sale of the mortgaged lands, under a power therein, and to cancel the mortgage on the ground of the payment of the mortgage debt, a purchaser from the mortgagor of a part of the land conveyed in the mortgage is not, under the provisions of the statute, as amended by act approved February 10, 1891 (Code, § 2765; Acts 1890-91, p. 557), a competent witness to prove that he paid the mortgage debt, or any part thereof, to the mortgagee for the mortgagor; such purchaser having a direct pecuniary interest in the cancellation of the mortgage.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. THOMAS COBBS.

The facts as to the execution of the mortgage, the transfer thereof and the conveyance of the property included therein, are sufficiently stated in the opinion.

In the fall of the year 1892, M. C. Easter and John A. Meadows, as executors of the last will and testament of S. W. Easter, and John H. Davis, as administrator of William H. Sykes, advertised the said lots for sale, under a power contained in the mortgage referred to in the opinion. Thereupon the appellant, William J. Hagan, as guardian, of the minor children of William J. Sykes, filed the bill in this cause, alleging that the money due on the mortgage had been paid and tendered, and asked for an injunction against the sale of said property, and prayed that on the final hearing the mortgage be cancelled and marked satisfied. The respondents, in their answer, denied that the mortgage had been paid in full. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, the chancellor decreed that the complainant was not entitled to the relief prayed for, dissolved the temporary injunction, and

ordered the bill dismissed. From this decree the complainant appeals, and assigns the same as error.

W. T. SANDERS and J. J. TURRENTINE, for the appellant.

McCLELLAN & McCLELLAN, *contra*.

HEAD, J.—On May 25th, 1887, William H. Sykes and wife executed a mortgage to W. B. Tanner, upon four town lots, to secure a debt of $1,040; which mortgage and the debt thereby secured, Tanner afterwards assigned to S. W. Easter. Afterwards, Sykes sold a large part of the mortgaged property to Chas. B. Hayes executing to him a warranty deed, under which Hayes went into possession and now occupies as his home. Sykes and Easter afterwards died, and M C. Easter and John A. Meadows became executors of the said S. W. Easter. John H. Davis became administrator of the said William H. Sykes. Sykes left four minor children, his only heirs, and William J. Hagan became their guardian. Hagan, as such guardian, filed this bill against the said executors of Easter and administrator, alleging the payment of all of said mortgage debt, except $389.44, which sum he had tendered to the said executors of S. W. Easter, and, upon their refusal to accept it, brought the same into court with the filing of the bill. The prayer is for the usual relief, in such cases, against the mortgage. The executors of Easter denied the fact of payment to the extent alleged.

The burden of proof to establish the payment was on the complainant. He attempted to establish it by the testimony of said Chas B. Hayes, which if admitted, showed that he, for the said Sykes, made a certain payment of $500 on the mortgage debt, to the said S. W. Easter. Objection was made by the respondents to his competency as a witness to prove this payment, on the ground that he was interested in the result of the suit and the proposed testimony involved a transaction with the deceased, S. W. Easter. The chancellor rightly sustained this objection. The act, "To amend section 2765 of the Code of Alabama," approved February 10th, 1891, expressly provides that no person, having a pecun-

iary interest in the result of the suit shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceedings. See Acts 1890–91, p. 557. In this case, the mortgage sought to be cancelled existing upon Hayes' land, he had a direct, pecuniary interest in the cancellation of that mortgage, and could not be allowed to testify that he had paid the mortgage debt, or any part thereof, to Easter, the deceased. Eliminating his testimony and there is nothing left to support the allegation of payment.

Affirmed.